```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                             CRIMINAL ACTION NO. 2:10-00098

**KELLI REED**

```
              PROBATION REVOCATION AND JUDGMENT ORDER
                   MEMORANDUM OPINION AND ORDER
```

On September 5, 2013, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Kelli Reed, appeared in person and by her counsel, Mary Lou Newberger, Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Lilla Adkins.  The defendant commenced a five-year term of probation in this action on January 18, 2011, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on January 25, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of probation in the following respects: (1) the defendant failed to follow the directions of the probation officer inasmuch as (i) on May 13, 2013, the defendant was directed to abstain from any contact with Angela Abbott following a domestic battery incident which occurred on May 9, 2013, for which the defendant was arrested and charged, and on June 19, 2013, the defendant was in the company of Angela Abbott, a fact to which she testified on July 19, 2013, and (ii) failed to make a $10,000 payment toward restitution as directed by the probation officer on January 30, 2013; (2) the defendant failed to pay restitution within the time and as directed by the court inasmuch as she was directed to make monthly payments of $250 and further directed that, should she acquire assets which may reasonably be applied to the restitution indebtedness, such assets were to be so applied to the restitution indebtedness in addition to the monthly payments, in that she received an inheritance check in the amount of $10,000 on June 19, 2013, but failed to pay any of it towards restitution other than possibly the $250 monthly payment made the following day, while on the same date

immediately making a gift of $6,200 of it to Ms. Abbott and being unable to account for nearly another $2,000 of it; and (3) the defendant failed to notify the probation officer at least ten days prior to her change in employment inasmuch as she resigned her employment with Ryan's Steakhouse on or about January 26, 2013, and did not report that change for at least a number of months thereafter; all as admitted by the defendant on the record of the hearing and as set forth in the petition on probation.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if she is confined, it is accordingly ORDERED that the defendant

3

be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THIRTY (30) DAYS, to be followed by a term of three (3) years of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that she spend a period of three (3) months in a community confinement center and remain lawfully, gainfully employed on a full-time basis.  Restitution is reimposed in the amount of $12,019.67 and shall be paid at the rate of $100 per month commencing once the defendant is released from community confinement.

      The defendant shall surrender for service of the sentence to the institution designated by the Bureau of Prisons by 2:00 p.m. on November 22, 2013, and shall remain on the same bond entered into by her on August 15, 2013.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: October 28, 2013

John T. Copenhaver, Jr.
United States District Judge